# THE STATE VS. HAGOOD.

An order of the county court appointing an overseer for a particular road or district, is evidence that, during the term of the appointment, the road described is a public road.

On the trial of an indictment against an overseer of a public road, the State having shown, by record evidence, that a particular road, by a name other than that given to the one in the indictment, was duly established by order of the county court, may show by parol evidence the identity of the two roads.

*Appeal from Washington Circuit Court.*

Hon. J. J. GREEN, Circuit Judge.

HOLLOWELL, Attorney General, for the State.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

At the January term, 1857, of the county court of Washington, the appellee was appointed overseer of the sixth division of the Cane Hill road, commencing at Kidd's Mills and terminating at the Vineyard township line. This order was evidence that the road district for an overseer had been laid off, and that the appellee was appointed the overseer. *State vs. Hester*, 19 *Ark.* 193. It was the duty of the county court to divide the county into road districts, specifying their boundaries; none but public roads are included in these districts; overseers are not charged with the care of private roads; the establishment of public roads is a matter of record in the county courts: it must then follow that the order should be evidence that the road mentioned in it is a public road. We, therefore, adopt, upon full consideration, the conclusion that was reached in *The State vs. Moore*, just decided, although the matter was not as directly

**554**  CASES IN THE SUPREME COURT

The State vs. Hagood.   [DECEMBER

presented in that case as in the present one, which is, that an order of the county court appointing an overseer for a particular road or district, is evidence that during the term of the appointment, the road described is a public road. This is not in conflict with *The State vs. Lemay*, 13 *Ark.* 405, for it is record evidence that establishes the character of the road, and of so recent a date as to forbid the possibility of the road having been vacated; while in *The State vs. Lemay*, the record evidence offered could only show that the road in that case was regarded by the county court as a public road in 1843 and 1844, several years before the indictment in that case was presented, and from the failure to show a subsequent recognition of the road as a public road by the county court, a strong inference might be drawn that the road had been vacated. Then, without regard to other orders of the county court showing that the road mentioned in the indictment had been provided for by the county court as a public road, we hold that on the single order of January term, 1857, of the county court, appointing the appellee overseer of the road, the second instruction asked by the State, on the trial of this case, should have been given.

The first instruction was an application of the same principle to a series of orders of the county court, of the same import, and should also have been given.

The first and second instructions of the defendant, the appellee here, were to the effect that the road mentioned in the indictment must be proved by record evidence to be a public road established by the county court, to maintain the indictment. The court did not, abstractly, err in giving those instructions, according to *The State vs. Lemay*, though the tendency of them, with the refusal of the court to give the first and second instructions of the State, was to impress upon the jury that the necessary record evidence meant by them was that of orders which authorized the view and first establishment of the road.

The State did show, by record evidence, that a particular road, by another name than that given to the road named in the indictment, was duly established by order of the county

court, and then proposed to show by parol evidence, the identity of the two roads, which the court refused leave to do. In this the court was wrong: The identity of persons and objects may, and generally must be proven by evidence from the mouths of witnesses.

The third instruction of the defendant, directing the jury to disregard all parol evidence that tended to show that any other road than the Cane Hill road was the Cane Hill road, should have been revised before it was asked of the court.

This case was an indictment preferred in the Washington circuit court against the appellee for neglect of duty as overseer of the sixth division of the Cane Hill road, and in consequence of the rulings of the court, in not permitting evidence to be given to the jury, showing the Cane Hill road to be the same as that established by the county court under a different description, and refusing the first and second instructions asked for by the State, a verdict of acquittal and judgment of discharge were rendered. For the errors indicated, which were urged to the court as grounds for a new trial, the judgment should have been set aside, and a new trial awarded; and because this was not done the judgment is reversed.